## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

In Re:                                Case No:      16-00889-HAC-13

**Margaret Baxter**
**Ned English**

       **Debtors**

## ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY
## FILED BY U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER
## PARTICIPATION TRUST, BY CALIBER HOME LOANS, INC., AS ITS ATTORNEY
## IN FACT

This matter coming before the Court on July 13, 2016 on the Motion for Relief from Automatic Stay filed by U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, BY CALIBER HOME LOANS, INC., AS ITS ATTORNEY IN FACT (hereinafter "Creditor"), and this Court being informed of the agreement of the parties hereto, it is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Creditor may file a claim for the post-petition mortgage arrearage through July 2016 plus the attorney fees and costs in connection with Creditor's Motion for Relief from Stay. The arrearage to be put into the plan is as follows:

   | | |
   |---|---|
   | 4 payments @ $953.60 for 04/1/16 to 07/1/16: | $3,814.40 |
   | Attorney Fees and Costs for MFR: | $ 826.00 |
   | Total: | $4,640.40 |

2. The Motion for Relief from Stay filed by the Creditor is hereby conditionally denied. However, should the Debtors default under the mortgage agreement between the parties beginning August 1, 2016, the Motion for Relief from Stay is granted if the Creditor gives the Debtors and the Debtor's attorney twenty (20) days written notice of opportunity to cure. If the default is not cured within twenty (20) days from the date the notice is issued, then the stay shall lift without further Order from the Court. Further, the Creditor is allowed to communicate with the Debtors any communication required under the note and mortgage or under state law. Waiver of default shall not constitute waiver of subsequent default.

3. If relief from the automatic stay under 11 U.S.C. § 362 becomes effective, this Creditor is thereafter entitled to enforce any and all of its right, title, interest in and to the subject property under applicable non-bankruptcy law. The filing and service of Notice of Payment Change and/or Notices of Post-Petition Fees, Expenses, and Charges, as described by FRBP 3002.1(b) and FRBP 3002.1(c) are not required once relief from the automatic stay under 11 U.S.C. § 362 is triggered and becomes effective. Upon entry of

this Order granting relief from the automatic stay under 11 U.S.C. § 362, the 14-day stay of Rule FRBP 4001(a)(3) is waived.

Dated: July 18, 2016

HENRY A. CALLAWAY
CHIEF U.S. BANKRUPTCY JUDGE


This document was prepared by:
Susannah R. Walker
Sirote & Permutt, P.C.
1115 East Gonzalez Street
Pensacola, Florida 32503
Telephone: 850-462-1516


PARTIES TO RECEIVE COPIES:

Stephen L. Klimjack
1306 Government Street
Mobile, AL 36604


Margaret Baxter
Ned English
604 Delaware St.
Mobile, AL 36603


Daniel B. O'Brien
Chapter 13 Trustee
P.O. Box 1884
Mobile, AL 36633


Sirote & Permutt, P.C.
Susannah R. Walker
1115 East Gonzalez Street
Pensacola, Florida 32503